MICHAEL KERPEN v. BILL BOYER FORD, INC., AND ANOTHER.

232 N. W. 2d. 21.

August 1, 1975—No. 45242.

*Babcock, Locher, Neilson & Mannella, Robert F. Mannella,* and *John M. Burke,* for relator.

*Cragg & Bailly* and *David A. Bailly,* for respondents.

PER CURIAM.

Relator, employed as a used-car salesman, was injured on the premises of his employer when he submitted to a massage of his

back by a fellow employee.[1] The fellow employee had relator lie on a bench and proceeded to push down several times on his back, presumably somewhat in the manner of a chiropractic manipulation. The fellow employee, however, was a used-car salesman and not a chiropractor. Although the commission noted that the used-car manager for respondent employer was aware of one other person upon whom the employee had "performed a 'massage,'" the evidence did not compel a finding, nor did the commission find, that there was any widespread practice of such massage or manipulation upon employees.

Relator, by certiorari, asks this court to reverse the finding of the commission that his injury did not arise out of and in the course of his employment. There is, as relator contends, some similarity to the horseplay situation in Cunning v. City of Hopkins, 258 Minn. 306, 103 N. W. 2d 876 (1960), but the antics of the young people in that case, causing them to stand rather than remain seated in the truck from which one of them fell while the truck was moving, are in fact distinguishable. As we stated in Kaselnak v. Fruit Dispatch, 205 Minn. 198, 201, 285 N. W. 482, 483 (1939), "[the causative danger] must be incidental to the character of the business and not independent of the relation of master and servant." See, also, Fisher v. Fisher, 226 Minn. 171, 32 N. W. 2d 424 (1948). More recently, we held in Snyder v. General Paper Corp. 277 Minn. 376, 152 N. W. 2d 743 (1967), that the term "arising out of" employment refers to a causal connection between the employment and the injury. We think the commission could conclude, as it did, that there was no reasonable relationship between the employment as a used-car salesman and this episode of amateur chiropractic between two adult employees.

Affirmed.

---

[1] The compensation judge, in finding a 10 percent permanent partial disability, opined that "some of his symptoms [appeared] feigned," but considered him "entitled to permanent partial disability of a relatively minor nature." This finding of permanent partial disability was adopted by the commission.